UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CSX Transportation, Inc. | * CIVIL ACTION |
| | * |
| Versus | * NO. _____ |
| | * |
| Gulf Coast Material Management, Inc. | * SECTION "_____" |
| and XYZ Insurance Company, *in* | * |
| *personam*, and the M/V TIFFANY | * MAGISTRATE (_____) |
| BARRIOS, her engines, tackles, | * |
| appurtenances, etc., *in rem* | |

COMPLAINT

CSX Transportation, Inc. ("CSXT"), for its Complaint against Gulf Coast Material Management, Inc., and XYZ Insurance Company, *in personam*, and the M/V TIFFANY BARRIOS, her engines, tackles, appurtenances, etc., *in rem*, alleges upon information and belief as follows:

I.

This bridge-damage case is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the court's admiralty jurisdiction.

II.

CSX Transportation, Inc. is a Virginia corporation, with its principal place of business in Florida and the owner and operator of Bridge No. 34, the Rigolets Bridge, which is a railroad bridge and swing bridge which spans the Rigolets waterway, a navigable waterway, near its intersection with Lake Borgne, which location is within this District and is within the jurisdiction of this Honorable Court.

2527136-1

III.

Gulf Coast Material Management, Inc., *in personam*, is a Louisiana corporation and was the owner, operator or bareboat charterer of the M/V TIFFANY BARRIOS, an inland towboat which vessel is or will during the pendency of these proceedings be within the jurisdiction of this Court.

IV.

XYZ Insurance Company is an insurance company doing business in Louisiana that provided insurance coverage to Gulf Coast Material Management, Inc. and the M/V TIFFANY BARRIOS, covering the subject matter of the May 9, 2011 bridge allision described herein, and is directly liable to CSXT under the Louisiana Direct Action Statute and the Louisiana Watercraft Statute.

V.

On May 9, 2011, at approximately 5:55 P.M., the M/V TIFFANY BARRIOS, while pushing the four barges inbound in the Rigolets, struck and damaged the bridge's northeast and southeast fendering system and the bridge structure itself, while attempting to pass through the bridge opening, causing damages and losses to CSXT.

VI.

The claimed damages to the bridge and bridge fendering structures were in no way caused or contributed to by CSXT, or by any other vessel, but rather were solely caused by Gulf Coast Material Management, Inc., *in personam*, its employees, captains and agents, and by the M/V TIFFANY BARRIOS, *in rem*, in failing to navigate with due care, failing to keep the M/V TIFFANY BARRIOS and its barges under control, failing to line up properly for the approach to the bridge, and other neglect and fault which will be shown at the trial of this cause.

VII.

Gulf Coast Material Management, Inc., *in personam*, and the M/V TIFFANY BARRIOS, *in rem*, are further presumed to have been negligent in that their vessel and barge struck a stationary object.

VIII.

As a result of this bridge allision and resulting damage, CSXT was forced to undertake repairs to its fender system, incurring damages which will be proved at trial, but which are presently understood to be $133,736.94 for the repair costs, not including delays, loss of use and time, rail traffic interruption, or other losses,

IX.

WHEREFORE, CSX Transportation, Inc. prays that its Complaint be deemed good and sufficient, and that after due hearing, there be judgment in its favor and against Gulf Coast Material Management, Inc. and XYZ Insurance Company, *in personam*, and against the M/V TIFFANY BARRIOS, her engines, tackles, appurtenances, etc., *in rem*, and that the vessel be seized and sold as security for and in order to satisfy said judgment.  CSX Transportation, Inc. further prays that it be awarded interest, costs, attorney's fees, and all other general and equitable relief to which it is shown to be entitled.

New Orleans, Louisiana, this 2nd day of September, 2015.

                                                Respectfully submitted,

                                                /s/ Thomas D. Forbes
                                            BRENT A. TALBOT, #19174 (T.A.)
                                            THOMAS D. FORBES, #5682
                                                  -Of-
                                            **CHAFFE McCALL, L.L.P.**
                                            2300 Energy Centre
                                            1100 Poydras Street

         New Orleans, LA 70163-2300
         Telephone: (504) 585-7000
         Facsimile: (504)544-6047
         Email: talbot@chaffe.com
         Email: forbes@chaffe.com
         **Attorneys for CSX Transportation, Inc.**

**PLEASE SERVE:**

**GULF COAST MATERIAL MANAGEMENT, INC.**
**THROUGH ITS REGISTERED AGENT FOR SERVICE**
**JOSEPH R. MCMAHON, III**
**110 RIDGELAKE DRIVE**
**METAIRIE, LOUISIANA 70001**


**XYZ INSURANCE COMPANY**
**C/O LOUISIANA SECRETARY OF STATE**
**POST OFFICE BOX 94125**
**BATON ROUGE , LOUISIANA 70804-9125**


*PLEASE WITHHOLD <u>IN REM</u> SERVICE UNTIL FURTHER NOTICE.*